IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRICIA MORRIS AND DUFFY HERMAN,<br><br>           Plaintiffs,<br><br>    vs.<br><br>MERSCORP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; GMAC MORTGAGE, LLC; DEUTSCHE BANK COMPANY AMERICAS; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50.<br><br>           Defendants. | CIVIL NO. 11-00256 DAE-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR TERMINATING SANCTIONS AND DENY AS MOOT DARREN G. RUSSELL'S EX PARTE MOTION TO WITHDRAW AS COUNSEL |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION
FOR TERMINATING SANCTIONS AND DENY AS MOOT DARREN G.
RUSSELL'S EX PARTE MOTION TO WITHDRAW AS COUNSEL

On July 18, 2012, at 10:00 a.m., two motions came on for hearing: (1) Darren G. Russell's Ex Parte Motion to Withdraw as Counsel; and (2) Defendants' Motion for Terminating Sanctions. Darren G. Russell, Esq. appeared on behalf of Plaintiffs Tricia Morris and Duffy Herman. Jerrold K. Guben, Esq. specially appeared as bankruptcy counsel for Plaintiffs. Plaintiffs were directed to appear in person at the hearing (see ECF No. 33), but failed to do so. Blaine Rogers, Esq. appeared for Defendants GMAC Mortgage, LLC, MERSCORP, Mortgage Electronic Registration Systems, Inc., and Deutsche Bank Company Americas. Having reviewed and considered the papers filed in this case and the arguments presented by the parties and counsel, the Court FINDS

and RECOMMENDS that the district court GRANT Defendants' Motion for Terminating Sanctions and DENY AS MOOT Darren G. Russell's Ex Parte Motion to Withdraw as Counsel.

BACKGROUND

This action arises from a mortgage and note entered into by Plaintiffs with certain Defendants in 2005. Compl. ¶¶ 12-14. On April 20, 2012, this Court issued an Order Granting in Part and Denying in Part Defendants' Motion for Sanctions or, in the Alternative, to Compel and for Attorneys' Fees ("April 20 Order"). ECF No. 29. In the April 20 Order, the Court granted Defendants' request to compel Plaintiffs to provide a signed, written response without objection to Defendants' First Request for Production of Documents no later than April 30, 2012. Id. at 10-11. Additionally, the Court ordered that Plaintiffs' depositions were to take place no later than May 30, 2012, in Honolulu, Hawaii, and that Plaintiffs were responsible for their travel costs to attend their depositions. Id. at 11. The parties were directed to confer in writing and agree upon the dates and times for Plaintiffs' depositions within the next seven days following the issuance of the April 20 Order. Id. Based on the Court's review of the correspondence submitted with the motion to compel, the Court found it appropriate to order that both Plaintiffs and Plaintiffs' counsel pay Defendants $4,317.80 for attorneys' fees and costs incurred in making the motion to

2

compel and as sanction for Plaintiffs' failure to attend their depositions. Id. at 6.

More than a month after the Court issued its April 20 Order, Mr. Russell filed the present Motion to Withdraw. ECF No. 30. In his Motion to Withdraw, Mr. Russell states that Plaintiffs have filed for Chapter 11 bankruptcy in Idaho. Mot. to Withdraw ¶ 1. Mr. Russell states that he is not authorized by the bankruptcy court to represent Plaintiffs in this action. Id. ¶ 3.

In response to the Motion to Withdraw, Defendants filed a Motion for Terminating Sanctions, and Opposition to Motion to Withdraw ("Motion for Terminating Sanctions"). ECF No. 32. In the Motion for Terminating Sanctions, Defendants assert that Plaintiffs failed to comply with all of the Court's directives in the April 20 Order. Mem. in Supp. of Mot. for Terminating Sanctions at 2. Defendants contend that Mr. Russell was unresponsive to numerous attempts at communication with Defendants since the April 20 Order was filed. Id. at 2-3. Defendants ask this Court to impose terminating sanctions under Federal Rules of Civil Procedure Rule 37. Id. at 5-6. Defendants also argue that Mr. Russell's request to withdraw based on Plaintiffs' bankruptcy should be rejected because the bankruptcy is not a recent development. Id. at 7. Defendants contend that Mr. Russell used Plaintiffs' bankruptcy as a excuse

for Plaintiffs' failure to attend their depositions in January 2012. Id. Plaintiffs failed to file a timely opposition to the Motion for Terminating Sanctions. Defendants filed their Reply on July 3, 2012. ECF No. 28.

Mr. Russell filed a Reply in support of his Motion to Withdraw on July 13, 2012, more than sixteen days after the reply was due.[1] See LR 7.2(d); ECF No. 35. In the Reply, Mr. Russell asserts that the automatic bankruptcy stay under 11 U.S.C. § 362(a) applies in this action and Defendants' request for terminating sanctions and for the previously awarded sanctions should be denied. See Reply at 2-3. Plaintiffs also filed a Notice of Filing Voluntary Petition for Relief Pursuant to 11 U.S.C. § 301 ("Bankruptcy Notice"). ECF No. 36.

## DISCUSSION

First, the Court must address the Bankruptcy Notice filed by Plaintiffs. The Court finds that Plaintiffs' pending bankruptcy does not justify a stay of this action. Plaintiffs filed a voluntary petition for bankruptcy nine months after they initiated this litigation. The automatic stay under 11 U.S.C. § 362 applies to actions against the debtor, but does not apply to actions initiated by the debtor. In re Merrick, 175 B.R. 333, 337-38 (B.A.P. 9th Cir. 1994). "Given this freedom for the

---

[1] Although the Court has the discretion to disregard or strike untimely submissions, it will not do so here. See LR7.4.

debtor or the trustee to prosecute the debtor's claims, an equitable principle of fairness requires a defendant to be allowed to defend himself from the attack without imposing on him a gratuitous impediment in dealing with an adversary who suffers no correlative constraint."  Id. at 338.  Plaintiffs have not provided any authority to support their assertion that the automatic stay is applicable to this action initiated by the debtors.  Defendants should not be prevented from defending themselves in this litigation during the pendency of Plaintiffs' bankruptcy.

Second, the Court FINDS and RECOMMENDS that the district court GRANT Defendants' Motion for Terminating Sanctions and dismiss this action.  Plaintiffs continued failure to respond to Defendants' discovery requests, attend their depositions, and pay the court-ordered discovery sanctions is subject to sanctions under Rule 37, including terminating sanctions.  See Fed. R. Civ. P. Rule 37(d) and 37(b)(2)(A)(i)-(vi).  Although courts generally have wide discretion to impose discovery sanctions, the court's discretion to impose terminating sanctions is more narrow.  To warrant terminating sanctions, the party's conduct must have been "'due to willfulness, fault, or bad faith.'"  Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997)).  Before ordering terminating sanctions, the court must

consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [defendant]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. (citations and internal quotation marks omitted) (alteration in original).

Here, Plaintiffs have violated the Court's April 20 Order by failing to respond to Defendants' discovery requests, attend their depositions within the time permitted by the Court, and pay the court-ordered sanctions. Additionally, Plaintiffs wilfully disobeyed the Court's directive requiring their attendance at the hearing on these motions. Where the party to be sanctioned violated a court order, the first and second factors weigh in favor of terminating sanctions. See Computer Task Group, Inc., 364 F.3d at 1115. The Court cautioned Plaintiffs in the April 20 Order that their failure to comply could result in the imposition of sanctions, including but not limited to dismissal of their claims. Plaintiffs' repeated violations of this Court's orders weigh in favor of issuing terminating sanctions, as their actions have caused unnecessary delay. Indeed, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990). Moreover, "[i]t is incumbent upon the Court to

6

manage its docket without being subject to routine noncompliance of litigants such as [plaintiff]." Id. (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)). Accordingly, the first two factors of the public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of terminating sanctions.

The Court next considers the prejudice to Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Id. (citing Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)). Delay alone is not sufficient prejudice. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) (citing U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 604 (9th Cir. 1988)). Defendants have been forced to incur considerable expense and time because of Plaintiffs' violation of the Court's order and failure to provide discovery responses and appear for their depositions. The Court finds that because Plaintiff's actions amount to interference with the rightful decision of the case, Defendants have established prejudice. See, e.g., Adriana Int'l Corp., 913 F.2d at 1412 (finding prejudice where the plaintiff repeatedly failed to appear at scheduled dispositions and refused to comply with court-ordered production of documents because these actions

constituted an interference with the rightful decision of the case).

Although public policy favors disposition of cases on their merits and weighs against dismissal, Plaintiffs have not attempted to excuse their failure to comply with the Court's April 20 Order or their failure to appear for the hearing on the present motions.  Without any indication to the contrary, the Court is compelled to find that Plaintiffs' conduct is willful and in bad faith.  Finally, the Court's imposition of less drastic sanctions in its April 20 Order was not effective. Plaintiffs ignored the Court's directives and continued in their failures to respond to discovery or otherwise prosecute this case.  Accordingly, the Court FINDS and RECOMMENDS that the district court GRANT Defendants' Motion for Terminating Sanctions and dismiss this action.

Defendants also request attorneys' fees and costs associated with the Motion for Terminating Sanctions.  Mem. in Supp. of Mot. at 8.  Rule 37(b)(2)(C) provides that if a party failed to obey a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  Plaintiffs'

violation of the Court's April 20 Order and Plaintiffs' counsel's failure to pay the court-ordered sanctions were not substantially justified. An award of reasonable expenses is therefore appropriate. The Court FINDS and RECOMMENDS that the district court award Defendants $915.71, which is the reasonably incurred attorneys' fees and costs associated with filing the Motion for Terminating Sanctions. Additionally, based on the conduct of counsel and Plaintiffs, the Court FINDS and RECOMMENDS that the district court order that the entire sanctions award, including the $915.17 for the present Motion and the $4,317.80 previously awarded in the April 20 Order, be paid jointly and severally by Mr. Russell and Plaintiffs.

Finally, based on this Court's recommendation regarding the Motion for Terminating Sanctions, the Court FINDS and RECOMMENDS that the district court DENY AS MOOT Mr. Russell's Motion to Withdraw.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS as follows:

(1) The district court GRANT Defendants' Motion for Terminating Sanctions.

(2) The district court award Defendants $915.71, and order that the entire sanctions award, including the $915.17 for the present Motion and the $4,317.80 previously awarded in the

April 20 Order, be paid jointly and severally by Mr. Russell and Plaintiffs.

(3) The district court DENY AS MOOT Mr. Russell's Motion to Withdraw.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 18, 2012.



	Richard L. Puglisi
	United States Magistrate Judge

**MORRIS, ET AL., V. MERSCORP, ET AL., CIVIL NO. 11-00256 DAE-RLP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR TERMINATING SANCTIONS AND DENY AS MOOT DARREN G. RUSSELL'S EX PARTE MOTION TO WITHDRAW AS COUNSEL**